UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re EHC, LLC, | ) | |
| | ) | 15 B 40866 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| NIKOLA M. DURIC, | ) | |
| | ) | 18 C 3022 |
| Appellant, | ) | |
| | ) | Judge Gary Feinerman |
| vs. | ) | |
| | ) | |
| 36 HOLDINGS, LLC, | ) | |
| | ) | |
| Appellee. | ) | |

**MEMORANDUM OPINION AND ORDER**

On the motion of 36 Holdings, LLC, a creditor, the bankruptcy court imposed under Bankruptcy Rule 9011 a $128,809.70 sanction on Nikola M. Duric, an attorney who represented EHC, LLC, the debtor. Docs. 34-3, 34-4 (at 11-14), 34-5, 34-6, 34-11, 34-14. Duric appealed the sanctions order to this court. Docs. 1, 2, 6. Duric filed an opening brief and appendix, Docs. 33-34; 36 Holdings did not file a responsive brief or otherwise appear; and the court heard a one-sided oral argument, Doc. 36.

While preparing its merits opinion, the court noticed an apparent jurisdictional defect and ordered Duric to show cause why the appeal should not be dismissed for want of jurisdiction. Doc. 39. The show cause order stated:

> Before reaching the merits of this appeal, the court is obligated to ensure that it has jurisdiction. *See Lennon v. City of Carmel*, 865 F.3d 503, 506 (7th Cir. 2017). Bankruptcy Rule 8002(a)(1) provides that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). "[T]he 14-day time limit to file notice of appeal of the bankruptcy court's judgment or order is jurisdictional." *In re Sobczak-Slomczewski*, 826 F.3d

> 429, 432 (7th Cir. 2016). Thus, if Appellant Nikola Duric did not file the notice of appeal within 14 days of the bankruptcy court order being challenged, this court does not have jurisdiction, which means that the appeal must be dismissed. *See ibid*.
>
> The bankruptcy court order from which Duric appeals was entered on April 11, 2018. Doc. 1 at 1; Doc. 1-3 at 44 (notation for Dkt. 369 in 15 B 40866); Doc. 1-5. Duric filed the notice of appeal on April 26, 2018. Doc. 1-2; Doc. 1-3 at 44 (notation for Dkt. 370 in 15 B 40866). Because Duric filed the notice of appeal 15 days after the bankruptcy court entered the order being challenged, it would appear that this court lacks jurisdiction over the appeal. *See In re Sobczak-Slomczewski*, 826 F.3d at 431-32 (holding that the district court did not have jurisdiction over an appeal of a bankruptcy court order where the notice of appeal was filed 15 days after the order was entered); *see also Hollowell v. Chase Home Fin.*, 669 F. App'x 299 (7th Cir. 2016) (same, 20 days).
>
> Rather than dismiss the appeal based on the foregoing analysis, the court wishes to give Duric an opportunity to show that it in fact has jurisdiction.

*Ibid*. Duric's response to the show cause order makes essentially two arguments, which are considered in turn. Doc. 40.

First, Duric contends that although his notice of appeal is file stamped April 26, 2018 at 12:05 a.m., his counsel "in good faith" attempted to file it on April 25, 2018 and "thought" it had been filed before April 25 yielded to April 26. *Id*. at 2, 3. Duric adds that while documents filed in the district court are immediately time stamped and served on all parties of record, the bankruptcy court filing system "seems to batch all filings made in a more-or-less 24-hour period in a particular case and to dispatch them all at once, in a single e-mail message, to parties of record in that matter." *Id*. at 3.

Duric's submission confuses two things that the CM/ECF system does. The first is filing documents. The date stamp on a filed document reflects the date and exact time the filer made the filing. U.S. Bankr. Court for the N. Dist. of Ill., Administrative Procedures for the Case Management/Electronic Case Filing System § II.A.2 (Dec. 2, 2015) ("The Notice of Electronic

2

Filing issued by [CM/ECF] shows the date and time of filing. Documents filed electronically outside of normal business hours are deemed filed on the date and at the time [CM/ECF] files them. Documents filed before midnight on the date that is a deadline are considered timely … ."), https://www.ilnb.uscourts.gov/sites/default/files/Procedures_for_CMECF.pdf; Bankr. N.D. Ill. Gen. Order No. 08-02 (requiring all attorneys to follow the Administrative Procedures for the Case Management/Electronic Filing System); FAQs: Case Management/Electronic Case Files (CM/ECF) ("Attorneys can file case documents from their offices or homes right up to the filing deadline … . Attorneys filing over the Internet automatically create docket entries, and docket sheets are updated immediately when documents are filed."), https://www.uscourts.gov/courtrecords/electronic-filing-cmecf/faqs-case-management-electronic-case-files-cmecf (last visited Mar. 4, 2019). The second is emailing a Notice of Electronic Filing to all parties of record whenever a document is filed. A party of record (or a judge) may receive these Notices immediately upon a document's filing or in one batch around midnight. *See* U.S. Dist. Court for the N. Dist. of Ill., Managing Your CM/ECF Account, at 4-5, http://www.ilnd.uscourts.gov/_assets/_documents/_forms/_cmecf/pdfs/v60/v6_managing_your_account.pdf (last visited Mar. 4, 2019) (explaining how to configure a CM/ECF account to send the user immediate "Per Filing" notices or a daily "Summary Report"); U.S. Dist. Court for the Dist. of Minn., Instructions on Maintaining Your CM/ECF Account, at 4, http://www.mnd.uscourts.gov/FORMS/Clerks_Office/Attorneyaccountmaint.pdf (last visited Mar. 4, 2019) (same, in slightly more detail).

So, the time stamp on Duric's notice of appeal necessarily means that the notice and associated documents were filed on April 26, 2018, at precisely 12:05 a.m. That Duric's counsel (like the undersigned judge) receives a batch of each day's Notices of Filing around midnight

3

every day has nothing to do with the date and time that each document was filed. Indeed, a review of dozens of documents filed in the bankruptcy docket in this case, No. 15 B 40866 (Bankr. N.D. Ill.), reveal time stamps from various parts of the day—morning, afternoon, and night—rather than, as Duric surmises, only from midnight or shortly thereafter.

The court has no doubt that Duric *wanted* to file his notice of appeal on April 25. But he *in fact* filed it on April 26, and that is all that matters. *See Johnson v. McBride*, 381 F.3d 587, 590 (7th Cir. 2004) (dismissing as untimely a death row inmate's one-day-late federal habeas petition); *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996) ("When parties wait until the last minute to comply with a deadline, they are playing with fire."). And while it may seem the height of formalism to dismiss this appeal when a notice of appeal filed six minutes earlier, at 11:59 p.m. on April 25, would have been timely, that is the nature of jurisdictional filing deadlines. *See United States v. Locke*, 471 U.S. 84, 101 (1985) ("Filing deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced.").

Second, Duric contends that the Seventh Circuit's holding in *Sobczak-Slomczewski*—that the 14-day time limit in Bankruptcy Rule 8002(a)(1) is a jurisdictional requirement that may not be forfeited or waived, as opposed to a mandatory claim-processing rule that may be forfeited or waived—cannot be reconciled with the Supreme Court's subsequent decision in *Hamer v. Neighborhood Housing Servs. of Chi.*, 138 S. Ct. 13 (2017). *Hamer* did not address Bankruptcy Rule 8002(a)(1); rather, it held that Appellate Rule 4(a)(5)(C), which concerns extensions of time to file a notice of appeal, is a mandatory claims-processing rule and not a jurisdictional requirement. *Hamer*, 138 S. Ct. at 19-22. Because *Hamer* did not address Bankruptcy Rule

4

8002(a)(1), let alone hold that it is a mandatory claims-processing rule rather than a jurisdictional requirement, this court must follow *Sobczak-Slomczewski*—even if, as Duric argues, *Hamer*'s rationale undercuts *Sobczak-Slomczewski*'s rationale or erodes its foundation. *See Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004) ("In a hierarchical system, decisions of a superior court are authoritative on inferior courts. Just as the court of appeals must follow decisions of the Supreme Court whether or not we agree with them, so district judges must follow the decisions of this court whether or not they agree.") (citations omitted); *A Woman's Choice-E. Side Women's Clinic v. Newman*, 305 F.3d 684, 687 (7th Cir. 2002) ("[O]nly an express overruling relieves an inferior court of the duty to follow decisions on the books."); *see also Price v. City of Chicago*, __ F.3d __, 2019 WL 580263, at *3, *10 (7th Cir. Feb. 13, 2019). In any event, there are solid grounds to believe *Hamer* does not, in fact, undercut *Sobczak-Slomczewski*. *See In re Wilkins*, 587 B.R. 97, 100-07 (9th Cir. BAP 2018) (holding, under *Hamer*, that Bankruptcy Rule 8002(a)(1)'s time limit is jurisdictional because it is codified in a statute, 28 U.S.C. § 158(c)(2), and articulated in jurisdictional language); *In re Jackson*, 585 B.R. 410, 414-20 (6th Cir. BAP 2018) (same).

The court takes no pleasure in dismissing this appeal on jurisdictional grounds rather than addressing it on the merits. (This is not to say that victory for Duric on the merits would have been a foregone conclusion; Duric emphasizes that 36 Holdings, pursuant to a settlement, is not defending the sanctions order, but reimbursement of an aggrieved party for the costs imposed by a sanctioned party's conduct is not the only, or even the principal, goal of court-imposed sanctions. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46, 56-57 (1991) (explaining that inherent authority sanctions serve deterrent and punitive functions); *Brandt v. Schal Assocs., Inc.*, 960 F.2d 640, 645-46 (7th Cir. 1992) (same for Civil Rule 11 sanctions); *see also Baker*

*Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2168 n.4 (2015) (recognizing the congruence between Civil Rule 11 and Bankruptcy Rule 9011).) But as the Supreme Court has frequently and recently made clear, "[i]n contrast to the ordinary operation of our adversarial system, courts are obliged to notice jurisdictional issues and raise them on their own initiative." *Hamer*, 138 S. Ct. at 17. And having noticed and raised the jurisdictional issue, the court is obliged to faithfully apply governing precedent, which in the circumstances at hand requires that this appeal be dismissed.

March 6, 2019

_____
United States District Judge